<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RONALD DELUCA ET AL., | : | |
|  | : | Civil Action No. 11-3634 (SRC) |
| Plaintiffs, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| CITIMORTGAGE ET AL., | : | |
|  | : | |
| Defendants. | : | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on the motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), filed by Defendant Quicken Loans, Inc. ("Quicken") [docket entry no. 22], and the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant CitiMortgage ("CitiMortgage") [docket entry no. 23]. Plaintiffs Ronald and Phyllis DeLuca ("Plaintiffs") filed opposition to Defendant Quicken Loan's Motion [docket entry no. 24]. For the reasons that follow, the Court will dismiss Plaintiffs' Complaint in its entirety.

### BACKGROUND

Briefly, this case arises from a mortgage loan entered into by Plaintiffs (borrowers) and Defendant Quicken (lender), on March 22, 2007, secured by real property located in Lyndhurst, New Jersey. Plaintiffs allege that, some time after closing on their mortgage loan, they were placed in a "Trial Modification" payment period, in which they made mortgage payments of

$2,724 per month for a period of two years.  After two years, presumably when the trial period had ended, "the lender" advised Plaintiffs that the mortgage payments would increase to $4,846 per month.  (Compl., Background Facts, ¶ 2.)  According to Plaintiffs, the "Defendants" were unable to explain the increase in the mortgage payment, "advised the Plaintiffs not to sign the Modification Agreement," and stated that they would call the Plaintiffs back with further information.  *Id.*, ¶¶ 2-3.  Plaintiffs assert that they received no return calls from the Defendants, but were subsequently advised that their mortgage loan was in default, and that they were ineligible to reapply for a Modification Agreement.

The Complaint then purports to allege a host of state and federal violations by the "Defendant and/or Defendants," and incorporates new factual assertions in the charging paragraphs.  (E.g., Compl., Count I, ¶ 7.)  Count One alleges violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.*; Count Two alleges violations of the covenant of good faith and fair dealing; Count Three alleges failure to provide proper disclosures; Count Four alleges "bait and switch" practices; Count Five alleges violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; Count Six alleges violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; Count Seven alleges violations of the Unfair and Deceptive Acts and Practices Act ("UDAP");[1] Count Eight alleges predatory lending; and Count Nine alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*  Plaintiffs originally filed their Complaint in the Superior Court of New Jersey, Law Division, in Bergen County, on May 16, 2011.  Defendant Quicken removed the action to the United States District Court for the District of New Jersey on

---

[1] Many states have codified what are known as "UDAP" or consumer fraud protection statutes; in New Jersey, such provisions are codified in the NJCFA, N.J.S.A. 56:8-1, *et seq.*  Thus, Plaintiffs' allegations in Count Seven are in fact further allegations under Count One.

June 23, 2011. Shortly thereafter, the instant motions to dismiss, for judgment on the pleadings and for summary judgment were filed.

## STANDARDS OF REVIEW

A.  **Motions To Dismiss Under Rule 12(b)(6), 12(c)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations

omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed.R.Civ.P. 12(c).  Though procedurally it applies

later in a case than a Rule 12(b) motion, which may be filed in lieu of a responsive pleading, a motion brought under 12(c) for failure to state a claim upon which relief may be granted is governed by the same standard applicable to Rule 12(b)(6) motions. *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

**B.** **Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the non-moving party. *See Boyle v. Cnty. Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where, as here, the nonmovant (plaintiff) would bear the burden of persuasion at trial, "the party moving for summary judgment may meet its burden of proof by showing that the evidentiary record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden at trial." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 [43 Fair Empl. Prac. Cas. (BNA) 681] (3d Cir.), *cert. dismissed*, 483 U.S. 1052 (1987).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48. Pursuant to Federal Rule of Civil Procedure 56(e),

the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), *cert. denied*, 507 U.S. 912 (1993)).

## ANALYSIS

A.      **Defendant CitiMortgage's Motion to Dismiss**

   1.      **Failure to State a Claim**

Defendant CitiMortgage moves to dismiss Plaintiffs' Complaint, arguing that it fails to assert a plausible claim.  Indeed, the Court concludes that Plaintiffs' Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) with respect to CitiMortgage. First, Plaintiffs fail to assert with particularity its claims against CitiMortgage.  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  The "Background Facts" section in the Complaint, summarized above, is cursory, and mentions only Quicken, not CitiMortgage. Similarly, the charging paragraphs are largely conclusory, and do not specifically name either Defendant, but assert that "Defendant" or "Defendants" engaged in various conduct and caused

various harms.² Since Plaintiffs fail to allege the role of any particular defendant in the purported unlawful conduct, and fail to describe that conduct with the requisite specificity, Citimortgage is left without adequate notice of the grounds for Plaintiffs' claims against it. For this reason alone, the Court will dismiss Plaintiffs' Complaint against CitiMortgage in its entirety.

Moreover, it appears that Plaintiffs' TILA, RESPA and fraud claims against CitiMortgage are based on alleged violations occurring at the time the loan was originated. Specifically, Plaintiffs allege that they received inaccurate or incomplete disclosures before closing on the loan, in violation of various TILA provisions and related regulations. (Compl., Count V, ¶¶ 4-8, 12.) Plaintiffs also allege that RESPA required Defendants to provide a Special Information Booklet explaining the settlement costs within three business days after Plaintiffs submitted their loan application, and that no such booklet was provided. Furthermore, Defendants improperly charged Plaintiffs fees for the preparation of the settlement statement, escrow account statement, "and/or the TILA disclosure statement," in violation of RESPA. *Id.*, at Count VI, ¶¶ 3-4. Similarly, Plaintiffs' fraud-based Counts allege that Defendants concealed and/or changed the terms of the loan during the closing process, knowingly concealed from Plaintiffs that they could not afford the loan, then engaged in "scare and pressure tactics" to induce them to proceed with the transaction. *Id.*, at Count VI, ¶ 4; Count VII, ¶ 2. However, Plaintiffs also allege that Quicken, not CitiMortgage, originated the loan. *Id.*, at Background Facts, ¶ 1. Apparently, the mortgage was later assigned to CitiMortgage.³ Thus, to the extent that Plaintiffs assert their

---

²The Complaint is in many respects *pro forma*; indeed, the only financial institution named in the charging paragraphs (which at times refer to a "class" of plaintiffs) is Chase Bank, a non-party. (Compl., Count VI, ¶ 1.)

³This fact is not alleged in the Complaint, however, it is assumed by all parties in their respective briefs.

TILA, RESPA and fraud-based Counts (Counts One, Three through Seven, and Eight) against CitiMortgage, same are dismissed on the additional basis that CitiMortgage was not the originator of the subject loan.

    2.    **Statute of Limitations: RESPA and TILA Claims**

CitiMortgage further argues that Plaintiffs' TILA and RESPA claims against it (Counts Five and Six) must be dismissed with prejudice as time-barred.[4]  The Court agrees.

Claims for damages under TILA must be brought within one year from the closing date of the loan.  15 U.S.C. § 1640(e).  Claims for rescission of a mortgage loan pursuant to TILA must be brought within three years from the date of the transaction at issue.  15 U.S.C. § 1635(f).  Similarly, private causes of action under RESPA are subject to a one-year or three-year statute of limitations, which run from the date of the occurrence of the alleged violation.  12 U.S.C. § 2614.  The violations alleged by Plaintiffs occurred at the closing of the instant loan, on March 22, 2007.  Plaintiffs' Complaint was filed in the Superior Court of New Jersey more than four years later, on June 6, 2011, well after the expiration of the foregoing statutes of limitations.

Plaintiffs argue that equitable tolling nonetheless preserves their TILA claims.  Equitable tolling of statutes of limitations may be appropriate in three scenarios: (1) when the defendant has actively misled the plaintiff respecting the facts which comprise the plaintiff's cause of action; (2) when the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) when the plaintiff has timely asserted her rights in the wrong forum. *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).  Plaintiffs assert that their claims are equitably tolled

---

    [4]CitiMortgage also argues that  Plaintiffs' Complaint fails to specifically allege that a TILA violation was apparent on the face of the disclosure statement, such that CitiMortgage, an assignee, could be held liable for any TILA violations, citing 15 U.S.C. 1641(e)(2).  Because the Court will dismiss Plaintiffs' TILA claims with prejudice as time-barred, it need not reach this argument.

"due to Defendants' failure to effectively provide the required disclosures and notices." (Compl., Count V, para. 9.)  This argument is unavailing.  First, the three-year statute of limitations applicable to claims for rescission states that "[a]n obligor's right of rescission shall expire three years after the date of the consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required by this chapter . . . have not been delivered to the obligor . . . ."  15 U.S.C. § 1635(f).  Thus, assuming the truth of Plaintiffs' assertion that the disclosures provided were incomplete or inaccurate, the statute expressly provides that disclosure violations shall have no effect on the three-year expiration date for rescission claims.  *See also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416-19 (1998).  Second, plaintiffs asserting equitable tolling "must also demonstrate that [they] 'exercised reasonable diligence in investigating and bringing the claims.'"  *Miller v. New Jersey Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).  Plaintiffs do not assert that they investigated the sufficiency of the disclosures in the instant mortgage transaction until at least two years after the closing date, or one year after the expiration of their damages claims.  (Compl., Background Facts, ¶¶ 2-3.)  Thus, they have not shown reasonable diligence in investigating and bringing their damages claims.  Moreover, "allegations of fraudulent concealment tolling the statute of limitations must meet the requirements of Federal Rule of Civil Procedure 9(b)."  *Miller*, 145 F. 3d at 619 (internal citation omitted).[5]  Plaintiffs fail to assert with particularity fraudulent concealment on CitiMortgage's part, which might have prevented them from timely asserting their TILA claims.  Therefore, equitable tolling of Plaintiffs' TILA and RESPA claims is unwarranted.  The Court will dismiss these particular claims against

---

[5]Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. . ."

CitiMortgage with prejudice, as Plaintiffs cannot cure their untimeliness. The Court will also dismiss Count Three, labeled "Failure to Provide Proper Disclosures," with prejudice, as it appears to simply repeat the TILA violations alleged in Count Five.

B.     **Defendant Quicken's Motion for Judgment on the Pleadings and for Summary Judgment**

   1.   **Failure to State a Claim**

Defendant Quicken argues that Counts Two and Nine of Plaintiffs' Complaint should be dismissed, as Quicken is not the real party in interest as to those Counts. With respect to Count Two, the alleged violation of the Covenant of Good Faith and Fair Dealing, Plaintiffs assert, *inter alia*, that Defendants failed to supervise their foreclosure attorneys, and failed to perform loan servicing functions, with the goal of discouraging borrowers (e.g., Plaintiffs) from successfully completing loan modification requirements, thereby minimizing the number of permanent loan modifications ultimately extended. (Compl., Count II, ¶¶ 4-5.) With respect to Count Nine, the alleged violation of the violation of the FDCPA, Plaintiffs allege that Defendants attempted to collect Plaintiffs' mortgage debt, and sent letters stating incorrectly that the mortgage debt was in default. (Compl., Count IX, ¶ 1-2.) These claims are related not to the origination of the mortgage loan at issue, but rather to Plaintiffs' attempts to secure a modification of that loan. Quicken argues that since it sold and reassigned servicing rights on the loan within a few months of closing, Plaintiff's claims relating to attempted modification of the loan some two years thereafter cannot be maintained against Quicken, which at that time did not own or service the loan, and had no ability to modify it. Indeed, Plaintiff appears to acknowledge that Quicken originated the loan, but did not own or service the loan when Plaintiffs sought to modify it. (Pl.'s Opp. Br., docket entry no. 24, at 2.) Therefore, to the extent that Plaintiffs assert the claims in

Counts Two and Nine against Defendant Quicken, these claims are dismissed.

      2.      **Statute of Limitations: RESPA and TILA Claims**

Defendant Quicken moves to dismiss Plaintiffs' RESPA (Count Six) and TILA (Counts Three and Five) claims as time-barred, raising the arguments cited by CitiMortgage in Section A(2) of this Analysis. For the reasons set forth hereinabove, the Court will also grant Defendant Quicken's Motion for Summary Judgment on those Counts, and dismiss them with prejudice.

      3.      **Fraud-Based Claims**

Defendant Quicken moves to dismiss Plaintiffs' remaining claims because they are premised on fraud, and because Plaintiffs have failed to plead with particularity their allegations of fraud, as required by Federal Rule of Civil Procedure 9(b).

Plaintiff's fraud-based claims appear to include Counts One and Seven (violations of the NJCFA), Count Four (Bait and Switch Practices), and Count Eight (Predatory Lending). In Counts Four and Eight, Plaintiffs do not cite any statutes or regulations which Defendants allegedly violated. However, Plaintiffs generally assert in these paragraphs that, because of Defendants' bait and switch tactics, and their fraudulent misrepresentations, Plaintiffs became the victims of Defendants' predatory lending scheme. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it] is charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004)); *see also Slim CD, Inc. v. Heartland Payment Sys.*, 2007 U.S. Dist. LEXIS 62536 (D.N.J. Aug. 22, 2007) (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994)) (holding that the pleading requirements of Rule 9(b) apply to NJCFA claims and common law fraud claims); *see also Pattetta v. Wells Fargo Bank*, 2009 U.S. Dist.

LEXIS 82338, at *18 fn.7 (Sept. 10, 2009).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* (citing *Lum*, 361 F.3d at 224).  Moreover, a plaintiff must allege who made a fraudulent representation to whom, and the general content of same.  *Lum*, 361 F.3d at 224.

Here, Plaintiffs' fraud claims are devoid of any details on the "who, what, where and when" of Defendants' purported misrepresentations.  Instead, the Complaint simply levels generalized descriptions of bait and switch, and predatory lending practices, and recites the legal elements of fraud; it is devoid of even basic details regarding the specific transaction between Plaintiffs and Defendant Quicken.[6]  Therefore, the Court will dismiss Plaintiffs' claims against Quicken, as set forth in Counts One, Four, Seven and Eight, without prejudice.

---

[6] For instance, Plaintiffs allege that Defendants "and/or Defendants' employees engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against Plaintiffs." (Compl., Count I, ¶ 7.)  Plaintiffs also assert that Defendant "knowingly misrepresented material facts to Plaintiffs with the intention that Plaintiffs rely on same," that Plaintiffs in fact relied "upon the aforesaid promises." *Id.*, ¶¶ 8-9.  Similarly, in Plaintiffs' bait and switch allegations, they state that "[a]fter presenting new or different loan terms, if the borrower becomes aware of the changes, Defendants engage in scare and pressure tactics to cause customers to proceed with the transaction anyway." *Id.*, Count IV, ¶ 4.

## CONCLUSION

For the reasons stated above, the Court will dismiss with prejudice Counts Three, Five and Six as to both Defendants. The Court will dismiss the remaining Counts against the Defendants without prejudice. An appropriate form of order will be filed herewith.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 4, 2012